*United States v. Chibuko*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of July, two thousand fifteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> AMALYA L. KEARSE,
> RICHARD C. WESLEY,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                     No. 12-39

JOEY CHIBUKO, AKA "Steven Ray Buckley," AKA "Steven R. Buckley," AKA "Steven Buckley," AKA "Joseph Pride,"

> *Defendant-Appellant*.

---

For Appellee:          Christopher M. Mattei, Assistant United States Attorney, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, Hartford, CT.

For Defendant-Appellant:        Devin McLaughlin, Langrock Sperry & Wool, LLP, Middlebury, VT.

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Joey Chibuko reinstates his sentencing appeal following a limited remand that resulted in a February 24, 2015 ruling entered by the United States District Court for the District of Connecticut (Bryant, *J.*). *See* Order, ECF No. 135, No. 3:10-cr-204-VLB (D. Conn. Feb. 24, 2015) ("D. Ct. Ruling"). We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

We reject Chibuko's arguments that the district court abused its discretion in its analysis on remand under United States Sentencing Guidelines § 5G1.2 Application Note 2(B) ("Note 2(B)"). Note 2(B) states that, when exercising its discretion to impose consecutive or concurrent terms for multiple convictions for violations of 18 U.S.C. § 1028A, a sentencing court should consider a "*non-exhaustive* list of factors" including the "nature and seriousness of the underlying offenses," whether those offenses are "groupable under [Guidelines] § 3D1.2," and "[w]hether the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2) are better achieved by imposing a concurrent or a consecutive sentence." Note 2(B) (emphasis added). "Generally, multiple counts of 18 U.S.C. § 1028A should run concurrently with one another in cases in which the underlying offenses are groupable under § 3D1.2." Note 2(B)(ii).

In its original sentencing decision, the district court imposed consecutive terms of imprisonment for counts four and nine, two section 1028A counts whose underlying offenses

2

were charged in counts three and eight, respectively. The district court grouped counts three and eight, offenses based on Chibuko's false employment applications in Steven Buckley's name. Our previous opinion remanded the case to the district court with instructions to "explain its departure from the 'general[]' rule that the § 1028A sentences should run concurrently when the underlying crimes were grouped." *United States v. Chibuko*, 744 F.3d 259, 264 (2d Cir. 2014) (quoting Note 2(B)(ii)). We did not require re-sentencing to concurrent terms, however, because it "remained within the district court's discretion to determine whether the 'general[]' rule should not apply based either on a factor spelled out in Application Note 2(B) or, given the expressly non-exhaustive nature of Note 2(B), some other factor." *Id.*

On remand, the district court recognized the general rule set out in Note 2(B)(ii). *See* D. Ct. Ruling at 20. But the district court also highlighted certain "aggravating factors" justifying the imposition of consecutive terms, including its determination that Chibuko's criminal history category under the Guidelines understated his actual criminal history, the harm caused to financial institutions from Chibuko's use of Buckley's identity to enter into commercial transactions, and the possibility that Buckley could have been ejected from his group home for developmentally disabled adults due to Chibuko's conduct. *Id.* at 21–22. We see no abuse of discretion in the district court's conclusion that the general rule of concurrent sentences for groupable offenses was outweighed by other factors present in this case.

The district court also considered the third factor under Note 2(B)—the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2)—in deciding to impose the section 1028A terms consecutively. The court's ruling on remand incorporated its statements at Chibuko's sentencing hearing explaining why consideration of the section 3553(a)(2) factors warranted a substantial

3

sentence, including its suggestion that Buckley was potentially exposed to tax liability as a result of Chibuko's employment-application frauds. *See* D. Ct. Ruling at 17–18. It also discussed Chibuko's refusal to accept responsibility for his conduct, as evidenced by his insistence throughout trial and sentencing that he was in fact Buckley. *See id.* at 20. The district court could reasonably determine that such circumstances implicated "the need for the sentence imposed" to "reflect the seriousness of the offense, to promote respect for the law," and to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2).

Although Chibuko argues that the district court erroneously referred to his "history and characteristics," *id.* § 3553(a)(1), in its analysis of the section 3553(a)(2) factors, Chibuko's history and characteristics were clearly relevant to determining whether consecutive terms would better promote respect for the law and deter him from committing further crimes, *see* D. Ct. Ruling at 18 (finding that Chibuko's criminal history category " 'clearly understates his risk of recidivism, his danger to the community, and his criminality' " (quoting Dec. 20, 2011 Sentencing Hr'g Tr. at 37:17-19)).

With respect to the first factor, the "nature and seriousness of the underlying offenses," Note 2(B)(i), the district court found it material that Chibuko took advantage of a developmentally disabled man who was unable to protect himself, *see* D. Ct. Ruling at 15, 17. But the district court did not limit its inquiry to the employment-application frauds that used Buckley's name. It described the "offense at issue here" as "part of a much larger scheme that spanned over 17 years," and discussed, among other considerations, Chibuko's use of Buckley's identity to engage in various commercial transactions, Chibuko's history of identity thefts in three states, his use of stolen identities to avoid criminal prosecution, and the fraudulent

4

identification documents unrelated to Buckley that were found in Chibuko's residence upon his arrest. *See* D. Ct. Ruling at 15–16.

In this reinstated appeal, Chibuko contends that by considering more than just the employment-application frauds that constituted counts three and eight, the district court impermissibly broadened the scope of the "underlying offenses" referred to in Note 2(B)(i) to include other relevant conduct and prior bad acts. Chibuko does not, however, argue that any of the district court's findings of fact were clearly erroneous, nor does he contend that his victim's vulnerability was irrelevant to the seriousness of his employment-application offenses. Accordingly, he ascribes error only to the district court's consideration of conduct beyond the two charged instances of employment-application fraud in considering the nature and seriousness of his underlying offenses. We need not determine the breadth of "underlying offenses" in Note 2(B)(i), however, because any error in the district court's interpretation of the first factor was harmless. *See* Fed. R. Crim. P. 52(a) (an error that does not affect a party's substantial rights "must be disregarded").

The non-exhaustive list of factors in Note 2(B) does not proscribe the district court's reliance on facts related to Chibuko's scheme of stealing Buckley's identity, Chibuko's prior fraudulent impersonations, and his possession of other false identification documents at the time of his arrest. Indeed, the district court reasonably considered much of the same conduct in determining, pursuant to Note 2(B)(iii), that the purposes of sentencing set forth in section 3553(a)(2) were better achieved by imposing consecutive terms. *See* D. Ct. Ruling at 20. Thus, whether pursuant to its analysis of the third listed factor or an unlisted factor, the district court was permitted to rely on these facts in imposing consecutive terms of imprisonment on counts

four and nine. Because the district court's ruling demonstrates that it fulfilled its obligation to consider the three factors set out in Note 2(B), and because we see no error in its consideration of any other factors, we conclude that the district court did not abuse its discretion. *Cf. United States v. Cavera*, 550 F.3d 180, 197 (2d Cir. 2008) (en banc) (concluding that a potential sentencing error would be harmless where an "alternative independent ground" supported the challenged sentence).

We have considered all of Chibuko's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK